**Jackson D. Moll (026556)**
**HAINES, KRIEGER & BALDWIN, PLLC**
**15111 North Pima Road, Suite 130**
**Scottsdale, Arizona 85260**
**Tel: (480) 969-3300**
**Fax: (480) 969-3533**
**Email: jmoll@hkblawgroup.com**

**Attorneys for Debtor(s)**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GARY VERN KENDRICK,<br>SSN: xxx-xx-6859, and<br><br>SHARON KAY KENDRICK,<br>SSN: xxx-xx-8444,<br><br>302 N. 166th Ln.<br>Goodyear, AZ 85338<br><br>Debtors.<br><br>GARY VERN KENDRICK and<br>SHARON KAY KENDRICK,<br><br>Planitiffs,<br><br>vs.<br><br>MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC; AMERICA'S SERCVICING COMPANY; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC,;<br><br>Defendants. | Chapter 13<br><br>Case No. 2:10-bk-16121-GBN<br><br>Adv. No. 2:10-ap-01400-GBN<br><br>**COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN REAL PROPERTY**<br><br><u>Real Property Address:</u><br>302 N. 166th Ln.<br>Goodyear, AZ 85338 |

COME NOW the Plaintiffs, Gary Vern Kendrick and Sharon Kay Kendrick, by and through counsel undersigned, and hereby allege as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 506(a), and Rule 7001, et seq., Fed R. Bankr. P.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (K).

3. Defendant Morgan Stanley Mortgage Capital Holdings, LLC ("Morgan Stanley"), based upon information and belief, is a New York limited liability company and is not authorized to conduct business in the State of Arizona.

4. Based upon information and belief, Defendant Morgan Stanley is a business entity and is not subject to the Servicemembers Civil Relief Act.

5. Based upon information and belief, Defendant Morgan Stanley is not insured by the Federal Deposit Insurance Corporation.

6. Based upon information and belief, Defendant America's Servicing Company ("ASC"), is authorized to conduct business in the State of Arizona.

7. Based upon information and belief, Defendant ASC is a business entity and is not subject to the Servicemembers Civil Relief Act.

8. Based upon information and belief, Defendant ASC is not insured by the Federal Deposit Insurance Corporation.

9. Based upon information and belief, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), is authorized to conduct business in the State of Arizona.

10. Based upon information and belief, Defendant MERS is a business entity and is not subject to the Servicemembers Civil Relief Act.

11. Based upon information and belief, Defendant MERS is not insured by the Federal Deposit Insurance Corporation.

12. Plaintiffs reside in Maricopa County and are the Debtors in the above-captioned Chapter 13 bankruptcy proceeding.

13. Plaintiffs filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 24, 2010 in the U.S. Bankruptcy Court in and for the District of Arizona, and such case was assigned the administrative Case No. 2:10-bk-16121-GBN.

14. Plaintiffs, at the time the instant Chapter 13 bankruptcy case was filed, were the owners of certain real property, such real property being their residence, (hereinafter the "Residence") located at 302 North 166th Lane, Goodyear, Arizona, and having a legal description as follows:

Lot 18, Canyon Trails Phase 1, According to Book 529 of Maps, Page 43, Records of Maricopa County, Arizona.

15. The Plaintiffs believe and thereon allege that the Residence is worth $110,000.00 based upon a real estate appraisal prepared March 23, 2010 by Craig Flores of Huffman Appraisal Group, Inc. A true and correct copy of the real estate appraisal is attached hereto as Exhibit A and is incorporated herein by reference.

16. The Residence is subject to a first position mortgage lien (hereinafter the "First Mortgage"), initially in favor of WMC Mortgage Corp. ("WMC"), its successors in interest and/or assigns, as evidenced by that certain Deed of Trust dated February 16, 2006 and recorded in the office of the County Recorder for Maricopa County, Arizona at Record Number 2006-0264785 on February 27, 2006 (hereinafter the "First D/T"). A true and correct copy of the First D/T is attached hereto as Exhibit B and is incorporated herein by reference.

17. MERS is the nominee for WMC and WMC's successors and assigns, and is the Beneficiary under the First D/T.

18. MERS, as nominee for WMC, assigned the First Mortgage and/or the First D/T to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC2 in accordance with that certain Assignment of Deed of Trust dated January 13, 2009 and recorded in the Office of the County Recorder for Maricopa County, Arizona at Record No. 2009-0057874 on January 23, 2009. A true and correct copy of the Assignment of Deed of trust is attached hereto as Exhibit C and is incorporated herein by reference.

19. Based upon information and belief, MERS, as nominee for WMC, has transferred and/or assigned the servicing of the First Mortgage to America's Servicing Company.

20. Based upon information and belief, the debt owed to the First Mortgage, as of the date of filing of the instant Chapter 13 bankruptcy case, is in the amount of $267,980.00.

21. The Residence is subject to a second position mortgage lien initially in favor of WMC (hereinafter the "Second Mortgage") as evidenced by that certain Deed of Trust dated

February 16, 2006 and recorded in the office of the County Recorder for Maricopa County, Arizona at Record Number 2006-0264786 on February 27, 2006 (hereinafter the "Second D/T"). A true and correct copy of the Second D/T is attached hereto as Exhibit D and is incorporated herein by reference.

22. Defendant MERS is the nominee for WMC and WMC's successors and assigns under the Second D/T, and is the Beneficiary under the Second D/T.

23. Defendant MERS is authorized as the Nominee and Beneficiary of the Second D/T to accept service of process for WMC and WMC's successors and assigns.

24. Based upon information and belief, Defendant MERS, as nominee for WMC, has transferred and/or assigned the Second Mortgage and/or the Second D/T to Defendant Morgan Stanley.

25. Based upon information and belief, Defendant MERS, as nominee for WMC, has transferred and/or assigned the servicing of the Second Mortgage to Defendant ASC.

26. Based upon information and belief, Defendant ASC is authorized as the servicer of the Second Mortgage to accept service of process for WMC and WMC's successors and assigns.

27. Based upon information and belief, the debt owed to the Second Mortgage, as of the date of filing the instant Chapter 13 bankruptcy case, is in the amount of $40,645.00.

28. Plaintiffs allege that after applying the value of the Residence to the First Mortgage, that there is no equity remaining for the Second Mortgage to attach to.

| | |
|---|---|
| Appraised Value of the Residence . . . . . | $110,000.00 |
| Less Amount Owed on First Mortgage . . . . | $267,980.00 |
| Available Equity for Second Mortgage . . . . | $0.00 |

29. Plaintiffs assert that pursuant to 11 U.S.C. §§ 506(a)(1) and (d), Defendant's claim is totally unsecured and its lien upon the Residence is void.

WHEREFORE, the Plaintiffs pray that this Honorable Court find in favor of the Plaintiffs and Order the following:

a. That there is insufficient equity for Defendant's second position mortgage lien to attach;

b. That Defendant's second position mortgage lien is totally unsecured and void;

c. That Defendant's claim, if filed, shall be treated as a general unsecured claim under the Plaintiffs' Chapter 13 Plan;

d. That upon completion of the Chapter 13 Plan by the Plaintiffs and entry of a Discharge Order in the Plaintiffs' underlying Chapter 13 bankruptcy case, that the Defendants, or its successors in interest or assigns, shall immediately cause to be recorded with the office of the County Recorder for Maricopa County, Arizona, a release of the Defendant's Second D/T;

e. That the Order of this Court may be recorded in the Office of the Maricopa County Recorder for Maricopa County, Arizona by the Plaintiffs and that the subsequent Discharge Order in the underlying bankruptcy case may be similarly recorded, and that recordation of the former two documents shall have the effect of voiding the Second D/T on the public records; and

f. That the Plaintiffs recover any additional relief this Court deems just and proper.

RESPECFULLY submitted July 27, 2010.

HAINES, KRIEGER & BALDWIN, PLLC

By: /s/ JDM 026556
Jackson D. Moll
15111 N. Pima Rd., Ste. 130
Scottsdale, AZ 85260
Attorneys for Plaintiff/Debtor