**ORDERED ACCORDINGLY.**

Dated: October 25, 2010

_____
GEORGE B. NIELSEN, JR
U.S. Bankruptcy Judge

Jackson D. Moll (026556)
**HAINES, KRIEGER & BALDWIN, PLLC**
15111 North Pima Road, Suite 130
Scottsdale, Arizona 85260
Tel: (480) 969-3300
Fax: (480) 969-3533
Email: jmoll@hkblawgroup.com

Attorneys for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GARY VERN KENDRICK,<br>SSN: xxx-xx-6859, and<br><br>SHARON KAY KENDRICK,<br>SSN: xxx-xx-8444,<br><br>302 N. 166th Ln.<br>Goodyear, AZ 85338<br><br>Debtors. | Chapter 13<br><br>Case No. 2:10-bk-16121-GBN<br><br>Adv. No. 2:10-ap-01400-GBN<br><br>**DEFAULT JUDGMENT AND ORDER AVOIDING LIEN ON REAL PROPERTY**<br><br>Real Property Address:<br>302 N. 166th Ln.<br>Goodyear, AZ 85338 |
| GARY VERN KENDRICK and<br>SHARON KAY KENDRICK,<br><br>Planitiffs,<br><br>vs.<br><br>MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC; AMERICA'S SERCVICING COMPANY; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC,;<br><br>Defendants. | |

THIS MATTER having come before the Court on the Debtors' Complaint; good cause appearing and the Court having considered same; the Court finds as follows:

1. The Debtors filed for protection under Chapter 13 of the Bankruptcy Code on May 24, 2010 in the United States Bankruptcy Court, District of Arizona, and were assigned Case No. 2:10-bk-16121-GBN;

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K) and (O);

-1-

3. The Debtor is the owner of that certain real property (hereinafter the "Debtor's Residence") located at 302 North 166th Lane, Goodyear, Arizona and legally described as "Lot 18, Canyon Trails Phase 1, According to Book 529 of Maps, Page 43, Records of Maricopa County, Arizona;"

4. The Debtor's residence is subject to a valid and perfected first position deed of trust dated February 16, 2006 and recorded on February 27, 2006 in the Office of the Maricopa County Recorder, Arizona, at Document No. 2006-0264785, in the amount of $267,980.00;

5. The Debtor's Residence is subject to a valid and perfected second position deed of trust (the "Deed of Trust") dated February 16, 2006 and recorded on February 27, 2006 in the Office of the Maricopa County Recorder, Arizona, at Document No. 2006-0264786 in the approximate amount of $40,645.00 (the "Defendant's Lien");

6. The value of the Debtor's Residence is less than the amount owed on any lien that is senior to Defendant's Lien and, therefore, Defendant's Lien is wholly unsecured and may be stripped and rendered void.

Based upon the foregoing Findings of Fact and the entire record before the Court, and good cause appearing; it is

HEREBY ORDERED AND JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF AS FOLLOWS:

A. **Avoidance of Deed of Trust.** Defendant's Lien, evidenced by the Deed of Trust, shall be avoided upon completion of the Debtors' Chapter 13 Plan in the underlying Chapter 13 bankruptcy case and the entry of a Discharge Order in the Debtors' underlying Chapter 13 bankruptcy case; Within 30 days after successful completion of the Chapter 13 Plan and the entry of the Discharge Order in the underlying Chapter 13 bankruptcy case, Defendant shall cause to be recorded in the Office of the Maricopa County Recorder, Arizona, a release of the Deed of Trust;

B. **General Unsecured Claim.** Defendant's claim, if timely filed and allowed, shall be treated and classified as a general/non-priority unsecured claim under the Debtor's Chapter 13 Plan in the underlying Chapter 13 bankruptcy case;

C. **Continuation of Lien.** Defendant's Lien, evidenced by the Deed of Trust, shall remain in place until completion of the Chapter 13 Plan in the underlying Chapter 13 bankruptcy case by the Debtors and the entry of a Discharge Order in the underlying Chapter 13 bankruptcy case;

D. **Effect of Dismissal or Conversion.** Defendant shall retain its lien for the full amount due under the Note and its Deed of Trust shall not be avoided in the event of either the dismissal of the Debtors' underlying Chapter 13 bankruptcy case or the conversion of the Debtors' underlying Chapter 13 bankruptcy case to any other Chapter of the Bankruptcy Code;

E. **Foreclosure of Senior Deed of Trust.** In the event that a senior lien holder on the Debtors' Residence shall foreclose its security interest and extinguish its Deed of Trust prior to completion of the Debtors' underlying Chapter 13 Plan and entry of the Discharge Order in the Debtors' underlying Chapter 13 bankruptcy case, Defendant's lien shall attach to any surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of sale;

F. **Costs and Attorneys' Fees.** Each party will bear their own costs and expenses, including attorneys' fees, associated with this action; and

G. **Recording.** This Stipulated Judgment and Order may be recorded by the Debtors in the Office of the Maricopa County Recorder, Arizona; the subsequent Discharge Order entered in the underlying Chapter 13 bankruptcy case may be recorded in the Office of the

. . .
. . .
. . .
. . .
. . .

Maricopa County Recorder, Arizona; and the recording in the Office of the Maricopa County Recorder, Arizona, of both documents referred to in this paragraph shall act as a release of the Deed of Trust.  \*\*\*

**Signed and Dated Above**

\*\*\* The Clerk shall close this file.